## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Myra Catherine Solliday,

       Plaintiff,

v.

Director of Bureau of Prisons; Regional
Director Michael K. Nalley; and Office of
General Counsel, Federal Bureau of
Prisons,

       Defendants.

Civil No. 11-2350 (MJD/JJG)


REPORT AND RECOMMENDATION

---

JEANNE J. GRAHAM, United States Magistrate Judge

This case is before the undersigned United States Magistrate Judge on Quintez Talley, Jonathan Rich, Jimmy Thula, and Eddie Breivik's Motion to Intervene (ECF No. 55). For the reasons set forth below, this Court recommends that the Motion be denied and that an order be issued further restricting the proposed filings of Movant "Jonathan Rich."

## I.  BACKGROUND

On August 15, 2011, Plaintiff Myra Catherine Solliday filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Director of the Bureau of Prisons (BOP), BOP Regional Director Michael K. Nalley, and the Office of the General Counsel of the BOP. (Compl., Aug. 15, 2011, ECF No. 1.) Defendants moved to dismiss or, alternatively, moved for summary judgment. (Defs.' Mot. Dismiss, Jan. 20, 2012, ECF No. 25.) Plaintiff moved to amend her complaint to add the Department of Justice as a defendant. (Pl.'s Mot., Feb. 10, 2012, ECF No. 33.) The undersigned issued a Report and Recommendation, recommending that Defendants' Motion to Dismiss (ECF No. 25) be granted and that Plaintiff's Motion to Amend (ECF No. 33)

be denied. (July 27, 2012, ECF No. 48.)[1] Chief Judge Michael J. Davis adopted the Report and Recommendation in its entirety (Order, Sept. 4, 2012, ECF No. 52), and judgment was entered on September 5, 2012 (J., ECF No. 53).

This Motion to Intervene was brought by Quintez Talley, Jonathan Rich, Jimmy Thula, and Eddie Breivik (collectively "Movants") more than twenty-two months later. (July 25, 2014, ECF No. 55.) They moved to intervene in this action pursuant to Federal Rules of Civil Procedure 24(a) (intervention as of right) and 24(b) (permissive intervention). (*Id*. at 1, 2.) Movants stated that they "witnessed guards at FCI Tallahassee rape female inmates," and they argued that they "have a common vested interest in support of Myra Solliday['s] claims." (*Id*. at 1.) They asserted that they "have newly discovered withheld evidence in this case to provide including documents, medical records, video footage, exhibits, [and] photographs that can help Plaintiff Solliday . . . ." (*Id*.) Movants stated that their interests in the lawsuit are not protected adequately by the parties to this action. (*Id*.) They explained that they just received notice of this lawsuit and were unaware of it before. (*Id*.) Movants contended that they would suffer "extreme prejudice" if this Motion were denied, but did not specify why or what that alleged prejudice would entail. (*Id*. at 1-2.) Additionally, they alleged that their intervention would "provide[ ] questions of laws and facts that are common in this action." (*Id*. at 2.)

## II.    DISCUSSION

### 1.    Movant "Jonathan Rich"

"Jonathan Rich," one of the signatories to this Motion, is Jonathan Lee Riches. Mr. Rich's address matches the address of the state prison in Bellefonte, Pennsylvania, as does his

---

[1] The Court declined to convert Defendants' motion to a motion for summary judgment. (*Id*. at 5.)

inmate     identification     number,     KX9662.     *See*     http://inmatelocator.cor.state
.pa.us/inmatelocatorweb/.[2] "Riches is a pro se litigant who has a history of filing frivolous

lawsuits and motions . . . across the country." *In re Genetically Modified Rice Litig.*, No.

4:06MD1811 CDP, 2008 WL 4966722, at *1 n.2 (E.D. Mo. Nov. 19, 2008) (citing Wikipedia,

Jonathan Lee Riches, http://en.wikipedia.org/wiki/Jonathan_Lee_Riches). The results of an

ECF/Pacer USParty/Case Index Search conducted on October 8, 2014, for "Riches, Jonathan

Lee" indicated that Mr. Riches has been a party to 3,668 cases. *See* http://pacer.psc.uscourts.gov;

*see also In re DJK Residential, LLC*, 08-10375JMP, 2009 WL 2902569, at *3 n.6 (Bankr.

S.D.N.Y. May 12, 2009) (providing results of an ECF/Pacer USParty/Case Index Search for

"Riches, Jonathan Lee" as of May 11, 2009). Mr. Riches has filed several baseless motions to

intervene in this District. *See, e.g., Steinhauser III v. City of St. Paul*, Civ. No. 04-2632 (D.

Minn. Apr. 29, 2009), ECF No. 288; *In re Baycol Prods. Litig.*, MDL No. 1431 (D. Minn. Aug.

19, 2008), ECF No. 4253; *LeMond Cycling, Inc. v. Trek Bicycle Corp.*, Civ. No. 08-1010 (D.

Minn. July 29, 2008), ECF No. 35; *In re Viagra Prods. Liab. Litig.* (D. Minn. Aug. 29, 2008),

ECF 487. In fact, on June 23, 2008, Chief Judge Davis issued an Order directing the Clerk of

Court for the District of Minnesota to refuse the filing of any pleadings for a new lawsuit

submitted by Mr. Riches (a.k.a. Gordon Gekko, Ryan Howard, Mats Sundin, and Trevor Wikre)

unless he received permission to file the proposed Complaint from a United States Magistrate

Judge or the Complaint is signed by a licensed attorney. *Am. Ass'n for Justice v. Am. Trial*

---

[2] *See Wolfe v. Zappala*, No. 2:09CV315, 2009 WL 1160932, at *1 n.1 (W.D. Pa. Apr. 28, 2009) (citing Pennsylvania Department of Corrections ("DOC") Inmate Locator Website, taking judicial notice of the DOC Inmate Identification Number of the plaintiff, and stating "[t]he court knows from general experience with prison litigation that such inmate identification numbers are unique to a given prisoner, in other words, no two prisoners would have the same DOC inmate number").

*Lawyers Ass'n*, Civ. No. 07-4626 (JNE/JJG) (D. Minn. June 23, 2009), ECF No. 133.

This Motion contains other purported signatories, each of whom has joined Mr. Riches in similar motions in other cases before. *See, e.g., In re New World Res., N.V.*, No. 14-12226 (Bankr. S.D.N.Y. Aug. 11, 2014), ECF No. 11 (purported signatories include "Rich Jonny Lee" (KX9662), "Jimmy Jahar Thula," and "Quintez Talley"); *Cuartas v. United States*, Civ. No. 13-6180 (D.N.J. July 24, 2014), ECF No. 10 (purported signatories include all of the Movants); *In re GSE Envtl. Inc.*, No. 14-11126 (Bankr. D. Del. June 30, 2014), ECF No. 285 (purported signatories include "Jonathan Rich" and "Jimmy James Thule"); *In re James River Coal Co.*, No. 14-31848 (Bankr. E.D. Va. June 10, 2014), ECF No. 358 (purported signatories include "Jonathan Rich" and "Jimmy Thule"); *In re Nexium (Esomeprazole) Antitrust Litig.*, No. 1:12-md-02409 (D. Mass. May 27, 2014), ECF No. 937 (purported signatories include "Jonathan Rich," "James Jared Thule" and "Edward Breivik").

This Court will briefly address the merits of this Motion.

## 2. Motion to Intervene

Federal Rule of Civil Procedure 24 provides for intervention of right and permissive intervention. Rule 24 states, in relevant part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> > (1) is given an unconditional right to intervene by a federal statute; or
> >
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

4

(b) Permissive Intervention

(1) In General. On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

### a.  Standing

As an initial matter, the Court considers whether Article III standing is required and, if so, whether Movants have established it. *See Brown v. Medtronic, Inc.,* 628 F.3d 451, 455 (8th Cir. 2010) ("Federal courts must address questions of standing before addressing the merits of a case where standing is called into question."). In cases involving intervention as of right under Rule 24(a), the Eighth Circuit has held that "Article III standing is a prerequisite for intervention in a federal lawsuit." *Curry v. Regents of Univ. of Minn.,* 167 F.3d 420, 422 (8th Cir. 1999) (citation omitted); *see also Mausolf v. Babbitt,* 85 F.3d 1295, 1299 (8th Cir. 1996). Likewise, although the Eighth Circuit has not ruled on whether standing is a prerequisite to permissive intervention under Rule 24(b), *N. Dakota v. Heydinger*, Civ. No. 11-3232, 2013 WL 593898, at *7 n.4 (D. Minn. Feb. 15, 2013), most courts in this District have required it. *See Am. Civil Liberties Union of Minn. v. Tarek ibn Ziyad Acad.,* Civ. No. 09-138 (DWF/JJG), 2010 WL 1840301, at *7 (D. Minn. May 7, 2010); *Cobb v. U.S. Dep't of Educ.,* Civ. No. 05-2439, 2006 WL 2671242, at *2-3 (D. Minn. Sept. 18, 2006); *Vonage Holdings Corp. v. Minn. Pub. Utils. Comm'n,* Civ. No. 03-5287, 2004 WL 114983, at *2, 3 (D. Minn. Jan. 14, 2004); *Minn. Pub. Interest Research Grp. v. Selective Serv. Sys.,* 557 F. Supp. 923, 924 (D. Minn. 1983). *But see In re Baycol Prods. Litig.,* 214 F.R.D. 542, 544 (D. Minn. 2003).

Standing requires a showing of an injury-in-fact, causation, and redressability. *Curry,* 167 F.3d at 422. An injury-in-fact means an invasion of a "legally cognizable right," *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 591 (8th Cir. 2009), that is "concrete, particularized, and either actual or imminent," *Curry,* 167 F.3d at 422. The Court "must construe the motion to intervene in favor of the prospective intervenor, accepting all material allegations as true." *Am. Civil Liberties Union of Minn.,* 643 F.3d at 1092.

Here, the movants do not allege that they personally suffered some "actual or imminent" injury as a result of Defendants' alleged illegal conduct. They have not identified an invasion of a legally protected interest that is sufficiently concrete and particularized to satisfy the standing requirement. Nor have they otherwise presented any evidence, allegations, or argument demonstrating that they have standing. Instead, they seek to intervene to try to "help" *Plaintiff* by providing evidence in support of *Plaintiff's* claims.[3] Simply being a potential witness or possessing relevant evidence does not confer standing on an individual. Movants have failed to demonstrate injury-in-fact. Thus, Movants lack the proper standing, which bars their ability to intervene as a matter of right. Additionally, this Court concludes, consistent with the majority of courts in this District, that this lack of standing also prevents them from permissively intervening in this action.

Even if Movants did have standing, the undersigned would still recommend that their Motion be denied because they have not met the requirements of intervention under Fed. R. Civ. P. 24(a) or (b).

---

[3] The Court notes that Plaintiff's case was dismissed on legal deficiencies, not based on a lack of factual evidentiary support.

### b.  Intervention as a Matter of Right

For the purposes of Rule 24(a)(2), an asserted interest must be "significantly protectable." *Planned Parenthood of Minn., Inc. v. Citizens for Cmty. Action*, 558 F.2d 861, 869 (8th Cir. 1977) (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)). The quoted term has been interpreted to mean "legally protectable." *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 839 (8th Cir. 2009) (citation omitted). Here, Movants have no legally protectable interest in the subject of this action. Moreover, they have not cited any federal statute giving them an unconditional right to intervene, nor have they shown an interest in the action that is or was not adequately represented by the named party. For these reasons, the Court recommends denial of Movants' motion to intervene as a matter of right.

### c.  Permissive Intervention

In deciding whether to grant permissive intervention, courts consider three factors: (1) whether the motion to intervene is timely; (2) whether the applicant's claim shares a question of law or fact in common with the main action; and (3) whether intervention will unduly delay or prejudice adjudication of the original parties' rights. *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D. 632, 635 (D. Minn. 2007). "The decision to grant or deny a motion for permissive intervention is wholly discretionary." *S.D. ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003). Here, Movants vaguely claim that common questions of law and fact exist, but they do not identify the questions or identify the nature of their interest in this matter. Therefore, it is recommended that their motion to permissively intervene be denied.

### III.    RECOMMENDATION

This Motion is without basis in law or fact. A motion to intervene is simply not the proper means for non-parties to try to attempt to provide additional evidence in support of a party's claims, especially after a judgment in that action.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1.  Quintez Talley, Jonathan Rich, Jimmy Thula, and Eddie Breivik's Motion to Intervene (ECF No. 55) be **DENIED**;

2.  An order be issued further restricting the proposed filings of Jonathan Lee Riches (a.k.a. Jonathan Rich, Rich Jonny Lee, Gordon Gekko, Ryan Howard, Mats Sundin, Trevor Wikre, or anyone signing with Inmate Identification Number KX9662) by directing the Clerk of Court for the District of Minnesota to refuse **any type of filings** submitted by Mr. Riches unless he receives permission to file the proposed document from a United States Magistrate Judge or unless the document is signed by a licensed attorney;

3.  Quintez Talley, Jimmy Thula (a.k.a. Jimmy Thule, Jimmy Jahar Thula, Jimmy James Thule, and James Jared Thule), and Eddie Breivik (a.k.a. Edward Breivik) be forewarned that if they make more frivolous filings in this District, they may be added to the District's list of "restricted filers"; and

4.  The Clerk's Office mail a copy of this order to each of the Movants at the addresses listed in their Motion (ECF No. 55 at 2).

Dated: October 8, 2014

    _s/ Jeanne J. Graham_
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 29, 2014.** A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.